**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| vs. | ) | No. EV 98-17-CR-05 |
| | ) | 3:06-cv-0009-RLY-WGH |
| JOHN DOUGLAS BYERS, | ) | |
| | ) | |
| Defendant. | ) | |

**Entry Discussing Motion for Relief Pursuant to 28 U.S.C. § 2255**

John Douglas Byers again seeks relief pursuant to 28 U.S.C. § 2255 with respect to his conviction after a jury found him guilty of drug offenses and money laundering. The United States has filed a motion to dismiss, noting that (1) this is a second or successive such challenge, relating to the first such challenge docketed as No. EV 01-92-C-Y/H and decided adverse to him in a *Judgment* dismissing that action with prejudice on August 19, 2002, and (2) Byers has not secured permission of the Court of Appeals under 28 U.S.C. § 2244(b) to proceed with this newest challenge. This statute, § 2244(b)(3), "creates a 'gatekeeping' mechanism for the consideration of second or successive [habeas] applications in the district court." *Felker v. Turpin,* 518 U.S. 651, 657 (1996); see *Benefiel v. Davis,* 403 F.3d 825, 827 (7th Cir. 2005); *United States v. Lloyd,* 398 F.3d 978 (7th Cir. 2005).

Section 2244 has been described as "self-executing." *Nunez v. United States,* 96 F.3d 990, 991 (7th Cir. 1996). This means that a district court lacks all jurisdiction over such a matter until permission to file is granted by the Court of Appeals. *Id.*

Byers has already filed an action for relief pursuant to 28 U.S.C. § 2255, as has been described. The present action is another attempt to collaterally challenge the sentence. However, it is presented without authorization from the Court of Appeals to do so. The fact that the defendant relies on the ruling in *United States v. Booker,* 125 S. Ct. 738 (2005), does not exempt him from the application of § 2244(b). *In re Olopade,* 403 F.3d 159, 161 n.2 (3rd Cir. 2005)(noting that petitioner's motion, regardless of being premised on *Booker*, constituted a second or successive motion that would first have to be authorized by the Court of Appeals). Accordingly, the United States' motion to dismiss must

be granted and the action must be dismissed for lack of jurisdiction. Byers' request that the court construe the action as being brought pursuant to 28 U.S.C. § 2241 if the court determines that it lacks jurisdiction to proceed under § 2255 is **denied.** The reason for this ruling is that such an interpretation of Byers' challenge would avail him nothing, because nothing in § 2241 (or the savings clause of § 2255) "implies that a federal prisoner may use a petition under § 2241 to call into question the validity of a conviction or sentence that has already been subject to collateral review." *Valona v. United States,* 138 F.3d 693 (7th Cir. 1998). Because the disposition of this action is compelled on jurisdictional grounds, the United States' remaining arguments in support of its motion to dismiss cannot be addressed. *Cook v. Winfrey,* 141 F.3d 322, 324-326 (7th Cir. 1998).

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED**.

Date:   03/15/2006

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana